## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                          Case No.: 11-16736-BKC-EPK
                                                Chapter 7 proceeding
**GREGORY CHAD LOVAAS**

    Debtors.

_____/

**MICHAEL R. BAKST, Trustee in**
**Bankruptcy for Gregory Chad Lovaas,**

    Plaintiff,

v.

                                                Adversary Case No.:

**GREGORY CHAD LOVAAS,**

    Defendant.

_____/

## COMPLAINT OBJECTING TO DISCHARGE

The Plaintiff, **Michael R. Bakst, Trustee in Bankruptcy for Gregory C. Lovaas**, ("Trustee") by and through undersigned counsel, hereby sues the Defendant, **Gregory C. Lovaas**, ("Debtor") pursuant to Bankruptcy Rule 7001, and alleges:

## GENERAL ALLEGATIONS

1.      This is an adversary proceeding brought by **Michael R. Bakst, Trustee in Bankruptcy for Gregory C. Lovaas,** objecting to discharge pursuant to 11 U.S.C. §727.

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334(b). This is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. §157(b)(2)(J).

RM:8121008:1

1

3.     This voluntary Chapter 7 bankruptcy proceeding was filed on March 15, 2011 ("Petition Date").  Michael R. Bakst became the permanent Trustee after the §341 Meeting of Creditors was conducted and concluded on April 12, 2011.

4.     Gregory C. Lovaas (hereinafter "Debtor") attended his Rule 2004 Examination on September 15, 2011.

5.     The Debtor testified at his Rule 2004 Examination that he transferred twenty eight (28) gold coins to Jeff Chandler (hereinafter "Chandler") in March or April 2011.  Each coin had an approximate value of $1,800.00.  The Debtor failed to list this transfer on his Statement of Financial Affairs Questions 3, 6 or 10.

6.     The Debtor held a bank account at SunTrust Bank on the date of the filing of this bankruptcy and failed to list such bank account on his Schedule B-2.

7.     The Debtor failed to list household goods, that had not been given to the Trustee, which he owned on the date of the filing of this bankruptcy. The Debtor testified at his Rule 2004 Examination that he that he had a list of such items, but failed to bring such list to the deposition. As of the current date, the Debtor has still failed to provide such list to the Trustee.

8.     The Debtor failed to list on his Schedule B-12 a profit sharing plan in which he was a beneficiary. The profit sharing plan was managed by the Pension Store.  The Debtor testified at his Rule 2004 Examination that he removed the money out of the profit sharing plan because he was concerned that Northern Trust Bank would seize the money.

9.     As of January 31, 2009, the profit sharing plan had approximately $193,431.08.

10.     Upon information and belief, on the Petition Date, the profit sharing plan had a value of $0.00.

RM:8121008:1

11.    The Debtor has failed and/or refused to provide the Trustee with the contract, agreement or other documentation which established the profit sharing plan managed by the Pension Store.

12.    The Debtor failed to list on his Statement of Financial Affairs Question 3 payments greater than $600.00 to Citibank credit card. The Trustee still does not know the total amount of payments to credit card companies in the two years prior to the Petition Date, as required by Statement of Financial Affairs Question 10(a).

13.    The Debtor failed to list on his Statement of Financial Affairs Question 4 a pending law suit between himself and Joseph Blazer. The Debtor testified that Mr. Blazer is suing the Debtor for medical malpractice.

14.    The Debtor failed to list on his Statement of Financial Affairs Question 9 that he paid any attorney, petition preparer, or credit counselor to assist him with the commencement of his bankruptcy case. In fact, the Debtor paid $3,500.00 to Mike Ryan on March 15, 2011.

15.    The Debtor testified at his Rule 2004 Examination that he sold a BMW motorcycle owned by Gregory C. Lovaas, M.D. P.A. on October 5, 2010 and deposited the proceeds into his personal bank account. Such receipt of money is not listed on the Debtor's Statement of Financial Affairs Question 1 or 2.

16.    The Debtor failed to list USAA Credit Card company on his Schedule F as a creditor.

17.    The Debtor failed to list two E-Trade accounts, one account in his name only and one account held jointly with Lillian Aronow, on his Schedule B-2 or anywhere on his Schedule B.

RM:8121008:1

3

18.     The Debtor failed to list on his Statement of Financial Affairs Question 11, and testified to same at his Rule 2004 Examination, that he closed, on or around November 3, 2010, a City National Bank account which was held jointly with his daughter, Natasha Lovaas.

19.     The Debtor failed to list on his Statement of Financial Affairs Question 10, and testified to this fact at his Rule 2004 Examination, that he transferred $14,500.00 to the Tessem Corporation on December 17, 2010. The Debtor testified that his wife, Teresa Lovaas, is the principal of the Tessem Corporation, but could not explain the purpose of the transfer.

20.     The Debtor failed to list his Statement of Financial Affairs Question 10, and testified to this fact at his Rule 2004 Examination, that he withdrew $17,000.00 from his Northern Trust account on February 2, 2011.

21.     The Debtor failed to list his Statement of Financial Affairs Question 10, and testified to this fact at his Rule 2004 Examination, that he purchased a 2002 GMC Sierra for $15,510.20 and that only the Debtor's wife, Teresa Lovaas, was placed on the title of the vehicle.

22.     The Debtor failed to list his Statement of Financial Affairs Question 10, and testified to this fact at his Rule 2004 Examination, that he transferred $7,000.00 to Teresa Semsch on February 2, 2011. The Debtor further testified that Teresa Semsch is another name for his wife, Teresa Lovaas.

23.     The Debtor failed to list his Statement of Financial Affairs Question 6 or 10, and testified to this fact at his Rule 2004 Examination, that he transferred $25,000.00 to Teresa Semsch on January 31, 2011.

24.     The Debtor failed to list his Statement of Financial Affairs Question 10, and testified to this fact at his Rule 2004 Examination, that he transferred $10,000.00 to the Allen Gruber, PA on February 2, 2011.

RM:8121008:1

25.    The Debtor failed to list his Statement of Financial Affairs Question 10, and testified to this fact at his Rule 2004 Examination, that he transferred $83,073.29 on March 7, 2011 to the Gruber & Gruber Trust Account at Sabadell United Bank.  The Debtor filed for bankruptcy a week later.

26.    The Gruber & Gruber Trust Account, at the direction of the Debtor, transferred $1,464.02 to the Clinic of Cosmetic Surgery on March 7, 2011.  This transfer was not listed on the Debtor's Statement of Financial Affairs Question 10.

27.    Post-petition, the Gruber & Gruber Trust Account, at the direction of the Debtor, transferred $1,464.02 to the Clinic of Cosmetic Surgery on March 25, 2011.

28.    Post-petition, the Gruber & Gruber Trust Account, at the direction of the Debtor, transferred $15,020.00 to Four Circles Recover Center on April 4, 2011.

29.    Post-petition, the Gruber & Gruber Trust Account, at the direction of the Debtor, transferred $13,520.00 to Four Oaks Recovery on April 14, 2011.

30.    Post-petition, the Gruber & Gruber Trust Account, at the direction of the Debtor, transferred $45,000.00 to Gregory and Teresa Lovaas on April 14, 2011.

31.    Post-petition, the Gruber & Gruber Trust Account, at the direction of the Debtor, transferred $4,605.26 to the Tessem Corporation on April 14, 2011. As stated above, the Debtor testified that the Tessem Corporation is owned by his wife.

32.    Post-petition, the Gruber & Gruber Trust Account, at the direction of the Debtor, transferred $1,232.80 to the Tessem Corporation on May 31, 2011.

33.    Post-petition, the Gruber & Gruber Trust Account, at the direction of the Debtor, transferred $1,000.00 to the Tessem Corporation on June 20, 2011.

34.     As of the date of filing this complaint, the Gruber & Gruber Trust Account was still in possession of $1,000.00 which is traceable to the funds transferred to the trust account by the Debtor.

35.     The Debtor testified at his Rule 2004 Examination, that Chandler, post-petition between the dates of April 11, 2011 and May 3, 2011, transferred a total of $45,000.00 out of the Debtor's and Chandler's Bank of America account.  The Debtor cannot explain why Chandler took this money post-petition.

36.     The Debtor failed to list the Bank of America account on his Schedule B-2.

37.     When the Trustee questioned the Debtor as to why Chandler took funds in the amount of $45,000.00, the Debtor testified that Chandler had no right to the money, but took it anyways.

38.     The Debtor has failed to adequately explain why he put his name on Chandler's Bank of America account and allowed Chandler to seize the $45,000.00.

39.     The Debtor failed to list on his Schedule B-20 or anywhere else on his Schedule B, and testified to this fact at his Rule 2004 Examination, his interest in the Greg C. Lovaas Heritage Trust.

40.     The Debtor's Northern Trust Account #5724, which is the Debtor's personal bank account, discloses that the Debtor had a balance of $220,384.27 on March 5, 2010.

41.     On the Petition Date, as listed on the Debtor's Schedule B-2, the Northern Trust Account #5724 contained a total of $0.00.

42.     The Debtor has failed to adequately explain what happened to the funds located in the Northern Trust Account #5724 in the year preceding the Debtor's bankruptcy.

RM:8121008:1

6

## COUNT I - DENIAL OF DISCHARGE
## PURSUANT TO 11 U.S.C. §727(a)(2)(A)

43.    The Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

44.    Pursuant to 11 U.S.C. §727(a)(2)(A), the Court shall grant a debtor a discharge, unless:

> The debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this Title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed – property of the debtor, within one year before the date of the filing of the petition.

45.    The Debtor has transferred, removed and/or concealed property of the estate with the actual intent to hinder, delay, and/or defraud both creditors and the Trustee within one year before the date of the filing of his petition. Such transfers, removals, and concealments include, but are not limited to:

(a)    The transfer of twenty eight (28) gold coins to Jeff Chandler;

(b)    The transfer of funds in the approximate amount of $83,073.29 to the Gruber & Gruber Trust Account in order to stop Northern Trust Bank from seizing funds and the concealment of such funds;

(c)    The transfer of $14,500.00 to the Tessem Corporation on December 17, 2010 and the concealment of such funds;

(d)    The withdrawal of $17,000.00 from his Northern Trust account on February 2, 2011;

(e)    The purchase of a 2002 GMC Sierra, where only the Debtor's wife was placed on the title of the vehicle, on November 1, 2010;

(f)    The transfer of $7,000.00 to Teresa Semsch, also known as Teresa Lovaas, on February 2, 2011;

(g)    The transfer of $25,000.00 to Teresa Semsch on January 31, 2011;

(h)    The transfer of $10,000.00 to the Allen Gruber, PA on February 2, 2011;

(i)    The transfer of $83,073.29 on March 7, 2011 to the Gruber & Gruber Trust Account at Sabadell United Bank and the concealment of such funds;

(j)    The transfer by Gruber & Gruber Trust Account, at the direction of the Debtor, of $1,464.02 to the Clinic of Cosmetic Surgery on March 7, 2011.

RM:8121008:1

7

46.     Such transfers, concealments, and removals as listed above were done with the intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under Title 11.

47.     The Debtor has transferred, removed, or concealed or has permitted to be transferred, removed, or concealed, property of the Debtor within one year before the date of the filing of the bankruptcy petition.

48.     Gregory C. Lovaas's discharge should be denied pursuant to 11 U.S.C. §727(a)(2)(A) as a result of these transfers, concealments, and/or removals of the property listed above.

WHEREFORE, the Trustee, **Michael R. Bakst,** by and through undersigned counsel, respectfully requests that this Court enter judgment denying the discharge of **Gregory C. Lovaas,** plus grant such other and further relief as this Court deems just and proper.

**COUNT II - DENIAL OF DISCHARGE**
**PURSUANT TO 11 U.S.C. §727(a)(2)(B)**

49.     The Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

50.     Pursuant to 11 U.S.C. §727(a)(2)(B), the Court shall grant a debtor a discharge, unless:

> The debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this Title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed – property of the estate, after the date of the filing of the petition;

RM:8121008:1

8

51.     The Debtor has transferred, removed and/or concealed property of the estate with the actual intent to hinder, delay, and/or defraud both creditors and the Trustee after the date of the filing of the petition.  Such transfers, removals, and concealments include, but are not limited to:

       (a)     To the extent any of the twenty eight (28) gold coins were transferred to Chandler post-petition, the post-petition transfer of such gold coins;

       (b)     The post-petition transfer, out of the Gruber & Gruber Trust Account, at the direction of the Debtor, of $1,464.02 to the Clinic of Cosmetic Surgery on March 25, 2011;

       (c)     The post-petition transfer, out of the Gruber & Gruber Trust Account, at the direction of the Debtor, of $15,020.00 to Four Circles Recover Center on April 4, 2011;

       (d)     The post-petition transfer, out of the Gruber & Gruber Trust Account, at the direction of the Debtor, of $13,520.00 to Four Oaks Recovery on April 14, 2011;

       (e)     The post-petition transfer, by Gruber & Gruber Trust Account, at the direction of the Debtor, transferred $45,000.00 to Gregory and Teresa Lovaas on April 14, 2011;

       (f)     The post-petition transfer, by Gruber & Gruber Trust Account, at the direction of the Debtor, of $4,605.26 to the Tessem Corporation on April 14, 2011;

       (g)     The post-petition transfer, by Gruber & Gruber Trust Account, at the direction of the Debtor, of $1,232.80 to the Tessem Corporation on May 31, 2011;

       (h)     The post-petition transfer, by Gruber & Gruber Trust Account, at the direction of the Debtor, of $1,000.00 to the Tessem Corporation on June 20, 2011;

       (i)     The continuous concealment of any and all funds still in the possession of the  Gruber & Gruber Trust Account;

       (j)     The Debtor's post-petition transfer, removal, destruction, mutilation, or concealment, or has permitted to be transfer, removal, destruction, mutilation, or concealment of a total of $45,000.00 to Chandler between the dates of April 11, 2011 and May 3, 2011 from the Bank of America Account.

52.     Such transfers, concealments, and removals as listed above were done with the intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under Title 11.

53.     The Debtor has transferred, removed, or concealed or has permitted to be transferred, removed, or concealed, property of the Debtor after the date of the filing of the petition.

RM:8121008:1

9

54.    Gregory C. Lovaas's discharge should be denied pursuant to 11 U.S.C. §727(a)(2)(B) as a result of these transfers, concealments, and/or removals of the property listed above.

WHEREFORE, the Trustee, **Michael R. Bakst,** by and through undersigned counsel, respectfully requests that this Court enter judgment denying the discharge of **Gregory C. Lovaas,** plus grant such other and further relief as this Court deems just and proper.

## COUNT III – DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. §727(a)(3)

55.    The Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

56.    Pursuant to 11 U.S.C.§ 727(a)(3) the court shall grant the debtor a discharge, unless the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

57.    Despite the Trustee's request, the Debtor has failed to produce documents relating to his personal financial condition or business transactions.  Such documents include, but are not limited to:

(a)    Documents relating to the loss of funds in the  Debtor's Northern Trust Account #5724, which on March 5, 2010 had a balance of $220,384.27 and, on the Petition Date, as listed on the Debtor's Schedule B-2, contained a total of $0.00;
(b)    Any and all contracts, agreements, or other documentation which setup the profit sharing plan managed by the Pension Store;
(c)    Documents listing household goods and furnishings not listed on the Debtor's schedules.

58.    As further explained above, the Debtor has concealed, destroyed, mutilated, falsified, and/or failed to keep or preserve any recorded information, including books,

RM:8121008:1

documents, records, and papers from which the Debtor's financial condition or business transactions might be ascertained.

59.     Accordingly, the Debtor's discharge should be denied pursuant to 11 U.S.C. §727(a)(3).

WHEREFORE, the Trustee, **Michael R. Bakst,** by and through undersigned counsel, respectfully requests that this Court enter judgment denying the discharge of **Gregory C. Lovaas,** plus grant such other and further relief as this Court deems just and proper.

## COUNT IV – DENIAL OF DISCHARGE
## PURSUANT TO 11 U.S.C. §727(a)(4)(A)

60.     The Trustee realleges paragraphs 1 through 42 as if fully set forth herein.

61.     On or about March 15, 2010, and on all of the dates of the signing of his bankruptcy Schedules, as well as the date of his §341 Meeting of Creditors, and at the Rule 2004 examination, the Debtor knowingly and fraudulently made false oaths or accounts in this case.

62.     Under penalty of perjury, the Debtor certified that the Schedules and Statement of Financial Affairs of his bankruptcy petition were true and correct.

63.     In truth and in fact, as the Debtor well knew, the Schedules and Statement of Financial Affairs contained numerous material omissions and false statements.

64.     The material omissions and false statements, as provided more specifically in the preceding paragraphs, include, but are not limited to, the following:

    (a)     The Debtor failed to list the transfer of twenty eight (28) gold coins to Chandler on his Statement of Financial Affairs Questions 3, 6 or 10;

    (b)     The Debtor failed to list such bank account at SunTrust Bank on his Schedule B-2;

    (c)     The Debtor failed to list household goods and furnishings, that had not been given to the Trustee, which he owned on the date of the filing of this bankruptcy;

RM:8121008:1

11

(d)     The Debtor failed to list on his Schedule B-12 a profit sharing plan managed by the Pension Store in which he was a beneficiary;

(e)     The Debtor failed to list on his Statement of Financial Affairs Question 2 the receipt of funds from a profit sharing plan managed by the Pension Store in which he was a beneficiary;

(f)     The Debtor failed to list on his Statement of Financial Affairs Question 3 payments greater than $600.00 to Citibank credit card;

(g)     The Debtor failed to list on his Statement of Financial Affairs Question 4 a pending law suit between himself and Joseph Blazer;

(h)     The Debtor failed to list on his Statement of Financial Affairs Question 9 that he paid any attorney, petition preparer, or credit counselor to assist him with the commencement of his bankruptcy case;

(i)     The Debtor failed to list that he deposited the proceeds of the sale of the BMW motorcycle on his Statement of Financial Affairs Question 1 or 2;

(j)     The Debtor failed to list USAA Credit Card company on his Schedule F as a creditor;

(k)     The Debtor failed to list two E-Trade accounts, one in his name only and one held jointly with Lillian Aronow, on his Schedule B-2 or anywhere on his Schedule B;

(l)     The Debtor failed to list on his Statement of Financial Affairs Question 11, and testified to same at his Rule 2004 Examination, that he closed on or around November 3, 2010 a City National Bank account which was held jointly with his daughter;

(m)     The Debtor failed to list on his Statement of Financial Affairs Question 10 the transferred $14,500.00 to the Tessem Corporation on December 17, 2010;

(n)     The Debtor failed to list his Statement of Financial Affairs Question 10 that he withdrew $17,000.00 from his Northern Trust account on February 2, 2011;

(o)     The Debtor failed to list his Statement of Financial Affairs Question 10 that he purchased a 2002 GMC Sierra for $15,510.20 and that only the Debtor's wife, Teresa Lovaas, was placed on the title of the vehicle;

(p)     The Debtor failed to list his Statement of Financial Affairs Question 10 that he transferred $7,000.00 to Teresa Semsch on February 2, 2011;

(q)     The Debtor failed to list his Statement of Financial Affairs Question 6 or 10 that he transferred $25,000.00 to Teresa Semsch on January 31, 2011;

(r)     The Debtor failed to list his Statement of Financial Affairs Question 10 that he transferred $10,000.00 to the Allen Gruber, PA on February 2, 2011;

(s)     The Debtor failed to list his Statement of Financial Affairs Question 10 that he transferred $83,073.29 on March 7, 2011 to the Gruber & Gruber Trust Account at Sabadell United Bank;

(t)     The Debtor failed to list his Statement of Financial Affairs Question 10 that he transferred $1,464.02 to the Clinic of Cosmetic Surgery on March 7, 2011;

(u)     The Debtor failed to list the Bank of America account on his Schedule B-2;

(v)     The Debtor failed to list on his Schedule B-20 or anywhere else on his Schedule B his interest in the Greg C. Lovaas Heritage Trust.

RM:8121008:1

12

65.     As provided within 28 U.S.C. §1746 such certification made by the Debtor had the same force and effect of an oath.

66.     Accordingly, Gregory C. Lovaas's discharge should be denied pursuant to 11 U.S.C. §727(a)(4)(A) as a result of his actions.

WHEREFORE, the Trustee, **Michael R. Bakst**, by and through undersigned counsel, respectfully requests that the Court enter judgment denying the discharge of the Debtor, **Gregory C. Lovaas**, plus grant such other and further relief as the Court deems just and proper.

## COUNT IV - DENIAL OF DISCHARGE
## PURSUANT TO 11 U.S.C. §727(a)(4)(D)

67.     The Trustee realleges paragraphs 1 through 42 as if fully set forth herein.

68.     Pursuant to 11 U.S.C. §727(a)(4)(D), the Court shall grant the debtor a discharge, unless:

> The debtor knowingly and fraudulently, in or in connection with the case withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

69.     The Defendant has failed and withheld from the Trustee the following documentation which relate to the Debtor's property or financial affairs, including, but not limited to:

(a)     The list of property which he owned on the date of the filing of this bankruptcy, which, as of the current date, the Debtor has still failed to provide to the Trustee;

(b)     Any and all contracts, agreements or other documentation which established the profit sharing plan managed by the Pension Store.

70.     The knowing failure and refusal of the Defendant to provide said documentation justifies denial of his discharge as such action was done knowingly and fraudulently in connection with this case.

71.     The discharge of William Anderson, III should be denied pursuant to 11 U.S.C. §727(a)(4)(D).

WHEREFORE, the Trustee, **Michael R. Bakst**, by and through undersigned counsel, respectfully requests that the Court enters judgment denying the discharge of **Gregory C. Lovaas**, plus grants such other and further relief as the Court deems just and proper.

## COUNT V - DENIAL OF DISCHARGE
## PURSUANT TO 11 U.S.C. §727(a)(5)

72.     The Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

73.     Pursuant to 11 U.S.C. §727(a)(5), the Court shall grant a debtor a discharge, unless the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtors liabilities.

74.     The Debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, the loss of assets or deficiency of assets to meet the debtor's liabilities such as, but not limited to:

(a)     To whatever extent the transfer occurred post-petition, the post-petition transfer of the twenty eight (28) gold coins to Chandler;

(b)     The post-petition transfer, through the Gruber & Gruber Trust Account and at the direction of the Debtor, of $1,464.02 to the Clinic of Cosmetic Surgery on March 25, 2011;

(c)     The post-petition transfer, through the Gruber & Gruber Trust Account and at the direction of the Debtor, of $15,020.00 to Four Circles Recover Center on April 4, 2011;

(d)     The post-petition transfer, through the Gruber & Gruber Trust Account and at the direction of the Debtor, of $13,520.00 to Four Oaks Recovery on April 14, 2011;

RM:8121008:1

14

(e)     The post-petition transfer, through the Gruber & Gruber Trust Account and at the direction of the Debtor, of $45,000.00 to Gregory and Teresa Lovaas on April 14, 2011;

(f)     The post-petition transfer, through the Gruber & Gruber Trust Account and at the direction of the Debtor, of $4,605.26 to the Tessem Corporation on April 14, 2011;

(g)     The post-petition transfer, through the Gruber & Gruber Trust Account and at the direction of the Debtor, of $1,232.80 to the Tessem Corporation on May 31, 2011;

(h)     The post-petition transfer, through the Gruber & Gruber Trust Account and at the direction of the Debtor, of $1,000.00 to the Tessem Corporation on June 20, 2011;

(i)     The post-petition concealment, through the Gruber & Gruber Trust Account and at the direction of the Debtor, of $1,000.00 which is traceable to the funds transferred to the trust account by the Debtor;

(j)     The post-petition transfer, removal, destruction, mutilation, or concealment, or has permitted to be transfer, removal, destruction, mutilation, or concealment of a total of $45,000.00 to Chandler between the dates of April 11, 2011 and May 3, 2011 from the Bank of America Account.

75.     Such failure to explain satisfactory regarding the loss of assets precludes the Debtor from receiving a Chapter 7 discharge.

76.     Gregory C. Lovaas's discharge should be denied pursuant to 11 U.S.C. §727(a)(5) as a result of his failure to explain satisfactorily the loss of assets or deficiency of assets to meet the debtor's liabilities.

WHEREFORE, the Trustee, **Michael R. Bakst**, by and through undersigned counsel, respectfully requests that this Court enter judgment denying the discharge of **Gregory C. Lovaas**, plus grant such other and further relief as this Court deems just and proper.

RM:8121008:1

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**DATED** this the ___7___ day of October 2011.

Ruden McClosky, P.A.

Michael R. Bakst, Esq.
Florida Bar No.: 866377
Barry Turner, Esq.
Florida Bar No.: 85535
Attorneys for the Trustee
222 Lakeview Ave., Suite 800
West Palm Beach FL 33401
Telephone: (561) 838-4523
Facsimile: (561) 514-3423
Email:michael.bakst@ruden.com
barry.turner@ruden.com

RM:8121008:1

16